768

District Court, D. Maine, S. D.

June 27, 1942.

James L. Reid, of Augusta, Me., and Henry E. Foley, of Boston, Mass., for petitioner.

Franklin R. Chesley, of Portland, Me., and F. H. Tarr, of Gloucester, Mass., for bankrupt.

PETERS, District Judge.

On April 14, 1942, a petition was filed in this court by Fernand A. Boudreau, trustee of the re-opened bankrupt estate of Daniel C. Mulloney, a resident of Massachusetts and adjudicated a bankrupt in that District, alleging that Franklin R. Chesley, an attorney-at-law in Portland, Maine, had in his possession assets in the form of a sum of money, belonging to the bankrupt estate and asking for a summary order directing that it be turned over to the trustee. By amendment, the petitioner now asks for a summary order that the money be either turned over, or that Chesley account for the proceeds thereof.

After the estate was settled, it was re-opened on the allegation of newly discovered assets and ancillary proceedings authorized in Maine. A show-cause order was issued and Chesley filed an answer asserting that any money in his possession is his own money; that the sum of $24,000 mentioned in the petition as paid to him was so paid to him as attorney for Mulloney in settlement of a suit he had brought for Mulloney, after the bankruptcy, against certain Boston banks, the right of action in which suit had not vested in Mulloney at the time of his bankruptcy, and especially objecting to the jurisdiction of the court to settle by summary proceedings any controversy relating to the ownership of the money.

A hearing was had in which Chesley was called as a witness by the petitioner. He testified, without contradiction, that he had received the sum of $24,000 as attorney for Mulloney in the settlement of the suit above referred to; that he had retained $5,000 as attorney fees for himself and an associate, and had paid over the balance of $19,000 to Mulloney in the form of $1,000 in cash and $18,000 in the form of a cashier's check by the National Bank of Commerce of Portland, payable to Chesley and endorsed by him to Mulloney,—a statement easily contradicted if not true.

It certainly does not clearly appear that Chesley has in his hands any property of the bankrupt estate on which an order of this court could operate, even if it had jurisdiction, and it is equally certain that the court has no summary jurisdiction to determine any controversy between the parties as to the amount of fees which Chesley should charge or the title to any money in his hands. In other words, there are either no assets of the bankrupt estate in the hands of Chesley, or, if the petitioner claims otherwise, there is a dispute about it which this court has no power to adjudicate in this proceeding.

It is hardly necessary to cite cases on that point. Many are cited in the opinion of Thompson v. Terminal Shares, Inc., 8 Cir., 104 F.2d 1, 5, in which Judge Sanborn says: "It has long been the law that a court of bankruptcy may not adjudicate a controversy with respect to property held adversely to the bankrupt estate under a substantial claim of right, without the consent of the adverse claimant."

The petition must be dismissed, with costs.